COLLINS *v.* WELLINGTON and others.

*(Circuit Court, D. Connecticut. May 20, 1887.)*

1. REMOVAL OF CAUSES—SHAM DEFENDANT—MUNICIPAL CORPORATIONS.

Plaintiff, a citizen of Connecticut, brought in a state court of Connecticut an action of *assumpsit* against several non-residents, and the borough of Danbury, a municipal corporation of Connecticut. A motion to remand will be denied where the corporation defendant has been made such without, according to the testimony of the plaintiff, and each of the defendants, so far as they have testified, any legal claim against it in such action, and where it appears that the corporation is in fact a sham defendant, though not made so for fraudulent purposes.

**2.** SAME—SECTION 5, ACT MARCH 3, 1875.

>   If it should thereafter appear in such case that the finding, which is based on the testimony of the plaintiff, is unwarranted, and that there is any ground for making the corporation a defendant, the cause can be remanded under section 5 of the act of March 3, 1875.

*Lewis E. Stanton* and *Aaron T. Bates*, for plaintiff.

*Howard W. Taylor* and *Morris W. Seymour*, for Wellington, Madden & Coyne.

*N. D. Brewster*, for the Borough of Danbury.

SHIPMAN, J. This is a motion to remand to the state court. The facts in the case are that on January 9, 1886, Martin Collins, then and now a citizen of Connecticut, sued, before the superior court for the said state, Charles H. Wellington, then and now a citizen of the state of Massachusetts, Theodore A. Madden, and Andrew Coyne, then and now citizens of the state of New York, partners by the name of Wellington, Madden & Coyne, and the borough of Danbury, a municipal corporation, incorporated by the legislature of Connecticut, and located in said state, in an action of *general assumpsit.* The suit was, about April 22, 1886, and in proper season, removed to this court, upon the petition of Wellington, Madden & Coyne, upon the alleged ground that in said suit there was a controversy which was wholly between citizens of different states, and could be fully determined as between them, viz., between the petitioners and the said Collins. The answer to the motion to remand further alleges that the controversy in said suit is wholly between said parties, in which the borough of Danbury has no possible interest, and is a sham defendant. Upon the issue as thus made, Wellington, Madden & Coyne took the affirmative, and testimony both oral and written was heard.

It fully appears by the oral testimony of the plaintiff, corroborated by every witness in the case, as follows: Wellington, Madden & Coyne made a written contract with the borough of Danbury to build for it a dam which was to be a part of its water-works, and constructed said dam. They made a written subcontract with the plaintiff to perform for them a part of the work, and to furnish a part of the materials upon said dam. This suit is brought to recover from said Wellington, Madden & Coyne payment for the work done under said subcontract, and for alleged extra work ordered of him by them. Upon the oral testimony of the plaintiff he does not appear to have an actual or colorable claim in *assumpsit* against the borough of Danbury, or ground upon which to claim that said borough is indebted to him by contract, express or implied. Said borough is a defendant without any interest or place in the controversy, and to that extent is a sham defendant, and the whole and entire controversy is exclusively between said Wellington, Madden & Coyne and said Collins. It was not made a party for the purpose of preventing a removal to the federal court, and the reason why it was made a defendant is not known.

The case is not one upon a joint and several contract against several defendants having separate defenses, and is not a case in which either

one or the other of several defendants may perhaps be liable, to which claim distinct and separate defenses are interposed, and therefore the various decisions which have been made by the supreme court upon such a state of facts are not applicable to this case. It is a case in which the borough of Danbury is made a defendant in an action of contract without any legal claim against it in such action, according to the testimony of the plaintiff, and of each of the defendants, so far as they have testified, and a case in which the corporation is in fact a sham defendant, though not made so for fraudulent purposes.

Under the suggestions contained in *Plymouth Gold Min. Co.* v. *Amador Co.*, 118 U. S. 264, 6 Sup. Ct. Rep. 1034, I am of opinion that the motion to remand should be denied upon the testimony as now given. If it should hereafter appear that the finding, which is based upon the testimony of the plaintiff, is unwarranted, and that there is any ground for making the corporation a defendant, the cause can be remanded under the fifth section of the act of March 3, 1875.