## SLOANE & Others *v.* ANDERSON.

ERROR TO THE CIRCUIT COURT. OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WISCONSIN.

Submitted March 1, 1886.—Decided March 15, 1886.

The filing of separate answers by several defendants, sued jointly in a State court, on an alleged joint cause of action in tort, in which each avers that he acted separately on his own account and not jointly, in the acts complained of, does not divide the suit into separate controversies so as to make it removable into the Circuit Court of the United States.

*Pirie* v. *Tvedt,* 115 U. S. 41, affirmed and applied.

This writ of error was sued out·to review the action of the Circuit Court in remanding the cause to the State court, from whence it had been removed. The case is stated in the opinion of the court.

*Mr. J. M. Flower* and *Mr. C. W. Bunn* for plaintiffs in error.

*Mr. M. P. Wing* and *Mr. J. Hubley Ashton* for defendant in error.

Mr. CHIEF JUSTICE. WAITE delivered the opinion of the court.

This is a writ of error brought under the act of March 3, 1875, 18 Stat. 470, ch. 137, to reverse an order of the Circuit Court remanding a suit which had been removed from a State court. The suit was brought by Anderson, the defendant in error, a citizen of Wisconsin, against John Sloane, William D. Sloane, Henry F. Sloane, Thomas C. Sloane, Walter W. Law, Alexander Wright, and Charles L. Watson, partners under the name of W. & J. Sloane, all citizens of New York; John V.

Farwell, Charles B. Farwell, William D. Farwell, and John L. Harmon, partners under the name of J. V. Farwell & Co., citizens of Illinois; Curtis H. Remy, an attorney-at-law, and a citizen of Illinois; and Angus Cameron, Joseph W. Losey, and Charles W. Bunn, partners doing a general law business under the name of Cameron, Losey & Bunn, citizens of Wisconsin. The complaint states that in September, 1881, Anderson was a merchant in good credit, doing business at La Crosse, Wisconsin, and worth at least $15,000 over his debts; that on the 28th of September he was indebted to W. and J. Sloane in the sum of $3,378.28, of which only $363.03 was then due, and to J. V. Farwell & Co. in the sum of $1,757.08, of which only $439.27 was due; that on that day the defendants Cameron, Losey & Bunn and Curtis H. Remy, by the order and direction of W. & J. Sloane, caused a judgment to be entered against him as by confession in the Circuit Court of La Crosse County for his entire debt to that firm, and by the order and direction of J. V. Farwell & Co. another judgment for his entire debt to that firm, and that each of these judgments was irregular and void, the court being without jurisdiction in the premises. The complaint then proceeds as follows:

"That on the 28th day of September, 1881, the said defendants, Cameron, Losey & Bunn, by order and direction of the said Curtis H. Remy, and by order and direction of the said defendants, W. & J. Sloane and John V. Farwell & Co., wrongfully and unlawfully issued executions out of said Circuit Court on said several judgments for the full amount of damages and costs aforesaid to the sheriff of La Crosse County, which said executions, though regular in form so as to protect said sheriff, were unauthorized and void.

"That Mark M. Buttles, the then sheriff of La Crosse County, on the said 28th day of September, 1881, under and by virtue of the said executions, which were both delivered to him at the same time, and under and by virtue of the orders and directions of the said defendants, Cameron, Losey & Bunn, and of the defendants, Curtis H. Remy and W. & J. Sloane and John V. Farwell & Co., and in the absence of this plaintiff from the city of La Crosse, he having left this city

at the express request of the said defendant Curtis H. Remy, who was acting in behalf of said defendants, W. & J. Sloane and John V. Farwell & Co., the said sheriff, without the plaintiff's consent, levied upon, seized, and took possession of the entire stock of goods, fixtures, and furniture and store of this plaintiff, occupied by him under lease, . . . and seized and took the keys of said store, and turned out and caused to be removed and kept out from said store the clerks and customers of this plaintiff, and shut up said store and stopped all trades and sales therein for and during the space and time of twenty-five days, to his damage in the sum of five thousand dollars, the said stock of goods and fixtures and furniture being then and there worth the sum of thirty thousand dollars."

Separate answers were filed by Cameron, Losey & Bunn, W. & J. Sloane, and J. V. Farwell & Co. Each of these answers was substantially a copy of the others and the same defences were set up in all. Among other things it was alleged that in making the levies the firms of W. & J. Sloane and J. V. Farwell & Co. acted separately, each on its own account, and not jointly, "and that there was consequently a misjoinder of parties defendant." It was, therefore, pleaded in abatement of the action that there was a "misjoinder of parties defendant, inasmuch as the defendants, W. & J. Sloane, and the defendants, J. V. Farwell & Co., are not jointly concerned in this matter or jointly liable to the plaintiff herein." Each of the firms, however, admitted that Cameron, Losey & Bunn acted under its authority and by its direction in what they did on its account.

After filing these answers, W. & J. Sloane and J. V. Farwell & Co. united in a petition for the removal of the suit to the Circuit Court of the United States upon the following ground :

"That there exists in said suit a controversy which is wholly between citizens of different States, to wit, between the said plaintiff, a citizen of Wisconsin, and your petitioners, citizens of the States of New York and Illinois aforesaid, and which can be fully determined as between them; that the controversy in this action, and which is stated in the pleadings on

file therein, is a separable one, and can be fully tried and determined between the said plaintiff and your petitioners without the presence of their said codefendants above named, or any or either of them."

The suit was docketed in the Circuit Court of the United States on the 1st of June, 1885, and that court remanded it to the State court on the 3d of June. To reverse the order to that effect this writ of error was brought.

We are unable to distinguish this case in principle from that of *Pirie* v. *Tvedt*, 115 U. S. 41, in which it was held, on full consideration, that a suit for malicious prosecution, brought by a citizen of Minnesota against citizens of Minnesota and citizens of Illinois, was not removable by the citizens of Illinois, under the second clause of § 2 of the act of 1875, on the ground that, as the action was in tort, it was severable for the purposes of removal. It is true in that case the complaint alleged that "the said defendants, confederating together, and with a malicious and unlawful design had and entertained by them, and each of them, to injure, oppress, and harass these plaintiffs, and to break them up in business, wrongfully, maliciously, unlawfully, and without any reason or provocation or probable cause," brought the action against the plaintiffs; but this was in its legal effect, so far as the present inquiry is concerned, nothing more than an allegation that the defendants acted jointly in the commission of the wrong which had been done. The point decided was that a joint action in tort was not severable for the purposes of removal any more than a joint action on contract. We had decided at the same term, in *Louisville & Nashville Railroad Co.* v. *Ide*, 114 U. S. 52, and in *Putnam* v. *Ingraham*, 114 U. S. 57, that suits on contracts were not separable for the purposes of removal because separate defences had been interposed by the several defendants, and under the State practice judgments in joint actions might be given for or against one or more defendants. Applying this principle to the case then in hand we said (p. 43): "There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all the defendants acting in concert. The cause of action is several as

well as joint, and the plaintiffs might have sued each defend-
ant separately, or all jointly. It was for the plaintiffs to elect
which course to pursue. They did elect to proceed against all
jointly, and to this the defendants are not permitted to object.
The fact that a judgment in the action may be rendered against
a part of the defendants only, does not divide a joint action in
tort into separate parts any more than it does a joint action on
contract." In the present case there is, according to the com-
plaint, but a single cause of action, and that is the wrongful
seizure of the property of the plaintiff by the united efforts of
all the defendants acting in common.

The claim that W. & J. Sloane and J. V. Farwell & Co.
were acting each for themselves, and not in common, has no
effect on the question of removal. All the defendants concede
that Cameron, Losey & Bunn were acting as well for Sloane
as for Farwell, and if there were in fact two trespasses instead
of one, they were connected with both. Whether this, there-
fore, be considered as a suit for the Sloane trespass, or for the
Farwell trespass, Cameron, Losey & Bunn are necessary par-
ties to the relief which the plaintiff asks, and that is a judg-
ment for damages against all who were guilty of the wrong of
which he complains. They were parties to both the alleged
trespasses, and a judgment is asked against them as well as
the others. Sloane and Farwell cannot, either separately or
jointly, remove the suit as it has been begun, without taking
them along. They are citizens of the same State with the
plaintiff. Consequently, if it be conceded that there are two
separate causes of action, so far as Sloane and Farwell are con-
cerned, the suit is still not removable, because each cause of
action includes the Wisconsin defendants, and as to them there
cannot be a removal.

The order remanding the suit is

*Affirmed.*