# PLYMOUTH GOLD MINING COMPANY *v.* AMADOR & SACRAMENTO CANAL COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

## SAME *v.* SAME.

### ERROR TO THE SAME COURT.

Submitted April 26, 1886.—Decided May 10, 1886.

When the same cause is brought to this court by appeal and by writ of error, on the same record, it is not necessary to docket it twice.

A complaint or declaration charging a corporation, and individuals who are its agents and servants, with polluting a stream of water belonging to the plaintiff and rendering it unfit for use, and seeking a remedy against the defendants jointly, does not present a controversy separable for the purposes of removal from a State court, although the defendants answer separately setting up separate defences.

*Pirie* v. *Tvedt,* 115 U. S. 41, and *Sloane* v. *Anderson,* 117 U. S. 278, affirmed and applied.

When a complaint or declaration in an action in a State court sets up a joint cause of action in tort against several defendants for injuries done jointly to plaintiff, separate answers of the defendants setting up that the acts complained of were committed under direction of one of them and were justified by a contract between plaintiff and that particular defendant, and that the acts complained of as done by the other defendants were done by them as his servants and under his directions, do not necessarily change the controversy between the plaintiff and that defendant into a separate controversy, removable to the courts of the United States under the removal acts: and allegations in the petition for removal that the agents were joined as defendants in order to prevent the removal of the cause to the Circuit Court of the United States are of no avail, if not proved.

This was a motion to dismiss, to which was added a motion to affirm. The case is stated in the opinion of the court.

*Mr. J. H. McKune* for the motions.

*Mr. John H. Boalt* opposing.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

The Amador and Sacramento Canal Company, a California corporation, brought suit in the Superior Court of Sacramento County, California, against the Plymouth Consolidated Gold Mining Company, a New York corporation, and Alvinza Hayward, E. L. Montgomery, and Walter S. Hobart, citizens of California, to enjoin them from polluting the waters running into the canal of the Amador Company, and to recover $25,000 damages for what had already been done in that way. The material averments in the complaint, as to the alleged wrongful acts of the defendants, are as follows :

" III. That the plaintiff is, and for more than ten years last past has been, the owner in fee and in possession of a certain canal, about 26 miles long, situate partly in the county of Amador, in said State, and partly in said county of Sacramento, called the Amador and Sacramento Canal, extending from a dam across the Cosumnes River, near the southeast corner of section twenty, in township eight north, range nine east, Mount Diablo base and meridian, in said county of Amador, to Sebastopol, in said county of Sacramento, in section sixteen, township seven north, range seven east, Mount Diablo base and meridian ; and is also the owner of the water usually flowing through said canal, and has used the said canal and water during all of said period of ten years for mining and agricultural purposes, and selling water for such purposes.

" IV. That the defendant, the Plymouth Consolidated Gold Mining Company, is the owner of two certain mills, situate at Plymouth, in said county of Amador, constructed and used for crushing gold-bearing quartz, and since the 2d day of January, 1882, has been such owner, and the defendants for three years next before the commencement of this action have, at said mills, carried on and conducted the business of crushing gold-bearing quartz rock, and extracting and collecting gold therefrom, and have used large quantities of water in and about their business taken from the Moquelumne River.

" V. That from the said mills, the corporation defendant, extending in a direction a little north of west, has a valley

through which runs Little Indian Creek until it intersects the said canal of plaintiff near the southeast corner of section four, in township seven north, range nine east, Mount Diablo base and meridian, and the defendants, since the first day of December, 1881, have used the said creek at their said mills as a dumping place for the tailings, sand, sediment, silt, and other débris flowing to and formed by the working of said mills.

"VI. That in and about the working and management of said mills the defendants use large quantities of water taken from the Moquelumne River and other streams by them, and which water, mixed, defiled, and polluted with said tailings, sand, quartz-sand, sediment, silt, and other débris, has been, during the three years next before the commencement of this action, poured into said creek and carried by said water in said creek to and into the said canal of plaintiff.

"VII. That the said water so mixed, polluted, and defiled by the defendants, and discharged by them into the plaintiff's canal as aforesaid, has, during all of said three years, mingled with the pure water flowing in the said canal, and has deposited therein all the said tailings, sand, quartz-sand, sediment, silt, and other débris as aforesaid, and the same has been swept along the said canal of plaintiff by the force of the water flowing therein, and has been distributed and deposited therein, and thereby the bed of the said canal became and was raised, and the canal obstructed and damaged, and filled up and rendered unfit for use, and the water in said canal became loaded with said débris, and thereby rendered less useful."

The Plymouth Company answered separately, setting forth that it was a New York corporation whose powers were by law vested in seven trustees, of whom the defendants Haywood and Hobart were two, and that Montgomery was the superintendent of its mines and mills in California. The answer then admitted that the corporation was the owner of the mills mentioned in the complaint, and that "it has at said mills carried on and conducted the business of crushing gold-bearing quartz rock and extracting and collecting gold therefrom, and used large quantities of water in and about said business, and that

some of said water was taken from the Moquelumne River, but it denies that all of said water was taken therefrom, and it denies that it has during the time alleged in the complaint, or at any other time, or at all, carried on or conducted at said mills, or either of them, or elsewhere, the said business, or any business, or has used large quantities of water, or any water, in or about said business or otherwise, in connection with the other defendants mentioned in the complaint, or either of them, but, on the contrary, this defendant avers that said business has been carried on and conducted and said water has been used by this defendant exclusively and for its sole use and benefit and without any connection or combination with the other defendants in this action, or either of them, and that this defendant has not had, during any of the times mentioned in the complaint, and does not now have, any connection or relation with the said Hayward or Hobart or Montgomery other than such official relation aforesaid."

After this the separate defence of the corporation to the action was set forth, to the effect that the company was operating its mills under a license from the Amador Company, which justified all that had been done for which the suit had been brought. Hayward, Montgomery, and Hutchinson filed their separate answer, in which they denied each and every allegation in the complaint against them in connection with the Plymouth Company or otherwise. After the filing of their answer, the Plymouth Company presented to the court a petition for the removal of the suit to the Circuit Court of the United States for the District of California, the material parts of which, aside from a statement of the citizenship of the parties, according to the facts, are as follows:

"But your petitioner avers and shows to the court that in the said suit above mentioned there is a controversy which is wholly between citizens of different States, and which can be fully determined as between them, to wit, a controversy between your petitioner and said Amador and Sacramento Canal Company, and that said two corporations are the sole and only parties interested in said controversy.

"That said defendants Alvinza Hayward, E. L. Montgomery,

and Walter S. Hobart, are not, nor is either of them, a necessary or proper party defendant in said action.

"That said defendants Alvinza Hayward, E. L. Montgomery, and Walter S. Hobart, and each of them, are nominal and formal parties defendant to said suit, and they, nor either of them, have any interest in the said controversy, and they nor either of them are actual, real, or necessary parties defendant, but are sham defendants sued in said action with your petitioner, as it avers on information and belief, with the object, purpose, intent, and design of endeavoring thereby to prevent the removal of said cause into the Circuit Court of the United States for the District of California by your petitioner, who is the real defendant therein.

"That said Alvinza Hayward and Walter S. Hobart are stockholders and officers of your petitioner, to wit, two of the members of its board of seven trustees, and they have not, nor has either of them, any interest in the said controversy other than as such officers or stockholders.

"The said defendant E. L. Montgomery is the superintendent of the mines and mills of your petitioner, and has no interest whatever in said controversy.

"That all the acts and grievances complained of and alleged to have been done by said defendants, if any such were done, were the sole acts of your petitioner.

"And your petitioner avers and shows that the real litigation herein is between said plaintiff and your petitioner, citizens of different States, as aforesaid.

"And your petitioner further shows that it has not carried on or conducted any mining or milling business in connection with said defendants or with either of them.

"And your petitioner further shows that the matter and amount in dispute in the above-entitled suit exceeds, exclusive of costs, the sum or value of five hundred dollars."

On the presentation of this petition the State court directed the removal of the suit, and proceeded no further. The case was docketed in the Circuit Court on the 19th of May, and on the 17th of June the Amador Company moved to remand, among others, on the following grounds:

" I. That the said suit does not really or substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court."

" III. Because the defendants did not all join in said petition for removal.

" IV. Because the defendants are not all residents or citizens of States other than California, and it does not appear that the parties defendants to said suit were or have been wrongfully joined as such.

" V. It does not appear from the record and papers on file in said Circuit Court that there is a controversy which is wholly between citizens of different States, which can be tried and which can be fully determined between them without involving necessarily a trial of the whole case as to all of the defendants."

In the notice which was given of this motion the following appears :

" On the hearing of said motion we will rely on and read in evidence—

" 1. The transcript and record on file in said Circuit Court in said cause.

" 2. Answer of the plaintiff to the petition of the corporation defendant for a removal, herewith served.

" 3. Affidavits of J. H. McKune, W. F. George, and Jennie B. Ritter, herewith served ; and

" 4. Also offer oral evidence."

None of the affidavits here referred to are found in the transcript, and there is no statement of any oral evidence that was produced.

The court heard the motion on the 27th of July and remanded the suit. From this order an appeal was taken and writ of error brought, and these have been docketed here as separate causes.

It was not necessary to docket the cause twice because it was brought here both by appeal and writ of error. *Hurst* v. *Hollingsworth*, 94 U. S. 111. There was but one action in the court below, and there is but one record. The appeal and writ of error bring up but one order or judgment for review, and there is, therefore, but one case here.

Upon the face of the complaint there is in the suit but a single cause of action, and that is the wrongful pollution of the water of the plaintiff's canal by the united action of all the defendants working together. Such being the case, the controversy was not separable for the purposes of a removal, even though the defendants answered separately, setting up separate defences. *Pirie* v. *Tvedt*, 115 U. S. 41; *Sloane* v. *Anderson*, 117 U. S. 275, 278.

It is claimed, however, that, as the answers show that the Plymouth Company is the real defendant, and the petition alleges that the others are nominal parties only, and joined with that company as " sham defendants" to prevent a removal, the suit must be treated as in legal effect against the New York corporation alone, and, therefore, removable. So far as the complaint goes, all the defendants are necessary and proper parties. A judgment is asked against them all, both for an injunction and for money. Hayward and Hudson are admitted by the answer to be officers of the corporation, and Montgomery its superintendent. These persons are all citizens of California, and amenable to process in that State. It is not denied that they are all actively engaged in the operations of the company; and Montgomery, as the superintendent of its mines and mills, must necessarily be himself personally connected with the alleged wrongful acts for which the suit was brought. It is undoubtedly true that if the company has a good defence to the action, that defence will inure to the benefit of all the other defendants; but it by no means follows that, if the company is liable, the other defendants may not be equally so, and jointly with the company. It is possible, also, that the company may be guilty and the other defendants not guilty, but the plaintiff in its complaint says they are all guilty, and that presents the cause of action to be tried. Each party defends for himself, but until his defence is made out the case stands against him, and the rights of all must be governed accordingly. Under these circumstances, the averments in the petition, that the defendants were wrongfully made to avoid a removal can be of no avail in the Circuit Court upon a motion to remand, until they are proven, and that, so far as the pres-

ent record discloses, was not attempted. The affirmative of this issue was on the petitioning defendant. That corporation was the moving party, and was bound to make out its case.

The order remanding the cause is *Affirmed.*