## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* WANGELIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

No. 169. Submitted December 19, 1889. — Decided January 6, 1890.

Under the act of March 3, 1875, c. 137, § 2, one of two corporations sued jointly in a state court for a tort, although pleading severally, cannot remove the case into the Circuit Court of the United States, upon the ground that there is a separable controversy between it and the plaintiff because the other corporation was not in existence at the time of the tort sued for — without alleging and proving that the two corporations were wrongfully made joint defendants for the purpose of preventing a removal into the federal court.

THE original action was trespass, brought in a court of the State of Illinois on May 10, 1883, by Lucinda Wangelin, a citizen of Illinois, against the Louisville and Nashville Railroad Company, a corporation of Kentucky, and the Southeast and St. Louis Railway Company, a corporation of Illinois, for breaking and entering her close, and tearing up and carrying away a railroad switch, and thereby destroying the connection between a coal mine of the plaintiff and the St. Louis and Southeastern Railway, and injuring the value of the mine, to her damage in the sum of $6000. The defendant corporations, after being duly served with process, severally pleaded not guilty.

The case was removed into the Circuit Court of the United States upon a petition of the Louisville and Nashville Railroad Company, alleging that there was a separate controversy

between it and the plaintiff, which could be fully determined between them; and specifically alleging that the St. Louis and Southeastern Railway Company, an Illinois corporation, built and owned the railway and the switch mentioned in the declaration in 1870, and operated the railway until November 1, 1874; that thenceforth that railway was held and operated by a receiver appointed in a suit to foreclose a mortgage from that company until January 1, 1880; then by the Nashville, Chattanooga and St. Louis Railway Company under a lease from such receiver until May 1, 1880, and by the Louisville and Nashville Railroad Company under an assignment of that lease until January 27, 1881; and on November 16, 1880, was sold under a decree of foreclosure to purchasers for the Southeast and St. Louis Railway Company, and by such purchasers conveyed on January 27, 1881, to that company; that the Southeast and St. Louis Railway Company was incorporated under the law of Illinois on November 12, 1880, and not before; that the supposed trespasses alleged in the declaration were committed, if at at all, in August, 1880; that at that time "the defendant, the Southeast and St. Louis Railway Company, had no corporate or legal existence, and no existence in fact, had no stockholders, officers, agents, employés or servants, and had taken no steps whatever to become a corporation, and was not in any way acting as a corporation or otherwise;" that that company never came into possession of that railway until January 27, 1881, when it entered into a contract with the Louisville and Nashville Railroad Company, under which this company had since operated that railway; and that, at the time of the supposed trespasses, this company was in the sole and exclusive possession of that railway, operating it under the aforesaid assignment of lease.

Annexed to the petition for removal was an affidavit of the vice-president of the Louisville and Nashville Railroad Company to the truth of its allegations.

In the Circuit Court of the United States, the Louisville and Nashville Railroad Company, by leave of the court, filed additional pleas, setting up, among other things, the matters alleged in the petition for removal.

Upon a motion of the plaintiff to remand the cause to the state court "for reasons apparent upon the face of the record," the court on April 7, 1886, ordered it to be remanded; and on April 9, 1886, the Louisville and Nashville Railroad Company sued out this writ of error.

*Mr. J. W. Hamill,* for plaintiff in error, cited; *Wood* v. *Davis,* 18 How. 467; *Garneal* v. *Banks,* 10 Wheat. 181; *Browne* v. *Strode,* 5 Cranch, 303; *Boon's Heirs* v. *Chiles,* 8 Pet. 532; *McNutt* v. *Bland,* 2 How. 9; *Walden* v. *Skinner,* 101 U. S. 577, 589; *Arapahoe County* v. *Kansas Pacific Railway Company,* 4 Dillon, 277, 283; *Removal Cases,* 100 U. S. 457; *Bacon* v. *Rives,* 106 U. S. 99; *Hartog* v. *Memory,* 116 U. S. 588, 591; *Morris* v. *Gilmer,* 129 U. S. 315, 329.

*Mr. Charles W. Thomas* for defendant in error.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

It often has been decided that an action brought in a state court against two jointly for a tort cannot be removed by either of them into the Circuit Court of the United States, under the act of March 3, 1875, c. 137, § 2, upon the ground of a separable controversy between the plaintiff and himself, although the defendants have pleaded severally, and the plaintiff might have brought the action against either alone. 18 Stat. 471; *Pirie* v. *Tvedt,* 115 U. S. 41; *Sloane* v. *Anderson,* 117 U. S. 275; *Plymouth Co.* v. *Amador & Sacramento Co.,* 118 U. S. 264; *Thorn Wire Hedge Co.* v. *Fuller,* 122 U. S. 535.

It is equally well settled that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner — unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court.

In *Plymouth Co.* v. *Amador & Sacramento Co.*, above cited, a suit by a canal company against a mining corporation and its agents, for polluting a stream of water belonging to the plaintiff, was held to have been rightly remanded to the state court in which it had been commenced, although the corporation's petition for removal alleged that it was the only real defendant, and that the other defendants were nominal parties only, and were sued for the purpose of preventing the corporation from removing the cause into the Circuit Court of the United States. Chief Justice Waite in delivering judgment said: "It is possible, also, that the company may be guilty and the other defendants not guilty; but the plaintiff in its complaint says they are all guilty, and that presents the cause of action to be tried. Each party defends for himself, but until his defence is made out the case stands against him, and the rights of all must be governed accordingly. Under these circumstances, the averments in the petition, that the defendants were wrongfully made [parties] to avoid a removal can be of no avail in the Circuit Court upon a motion to remand, until they are proven; and that, so far as the present record discloses, was not attempted. The affirmative of this issue was on the petitioning defendant. That corporation was the moving party, and was bound to make out its case." 118 U. S. 270, 271.

In *Little* v. *Giles*, 118 U. S. 596, where a bill in equity charged the defendants jointly with having fraudulently deprived the plaintiff of her property, Mr. Justice Bradley delivering the opinion of the court said that one of the defendants "could not, by merely making contrary averments in his petition for removal, and setting up a case inconsistent with the allegations of the bill, segregate himself from the other defendants, and thus entitle himself to remove the case into the United States Court." 118 U. S. 600, 601.

So in *East Tennessee Railroad* v. *Grayson*, 119 U. S. 240, 244, in a suit in equity against two corporations, the question was whether there was a separable controversy between one of them and the plaintiff which would warrant a removal into the Circuit Court of the United States; and it was said by

Chief Justice Waite, and adjudged by this court, that the allegations of the bill must, for the purposes of that inquiry, be taken as confessed. To the same effect is *Graves* v. *Corbin,* just decided, *ante,* 571, 585.

In the case at bar, the declaration charged two corporations with having jointly trespassed on the plaintiff's land; whether they had done so or not was a question to be decided at the trial; and it is not contended, and could not be, in the face of the decisions already cited, that the record of the state court, as it stood at the time of the filing of the petition for removal, showed a separable controversy between the plaintiff and either defendant.

The argument in support of the jurisdiction of the Federal Court is that the Louisville and Nashville Railroad Company was the only real defendant, because, at the time of the trespass complained of, the other defendant was not in existence. But this was a matter affecting the merits of the case, and one which the plaintiff was entitled to deny and disprove at the trial upon the issues joined by the pleadings. Both the defendants were sued and served as corporations, and pleaded as such, in the state court; and it is not denied that each of them was a corporation when the action was brought. The question whether one of them was in existence as a corporation at the time of the alleged trespass did not affect the question whether it could be now sued, but the question of its liability in the action; in other words, not the jurisdiction, but the merits, to be determined when the case came to trial. It could not be tried and determined in advance, as incidental to a petition by a codefendant to remove the case into the Circuit Court of the United States.

As to the suggestion, made in argument, that the Southeast and St. Louis Railway Company was fraudulently joined as a defendant in the state court for the purpose of depriving the Louisville and Nashville Railroad Company of the right to remove the case into the Circuit Court of the United States, it is enough to say that no fraud was alleged in the petition for removal, or pleaded, or offered to be proved, in the Circuit Court.

*Judgment affirmed.*