REGIS et al. v. UNITED DRUG CO. et al.

(Circuit Court, D. Massachusetts.    May 28, 1910.)

No. 695.

1. REMOVAL OF CAUSES (§ 48*)—GROUNDS—"SEPARABLE CONTROVERSY."

Though a separable controversy exists so as to authorize the removal of a cause, notwithstanding the joinder of a defendant whose citizenship is the same as that of the plaintiff, with a noncitizen defendant, when the case is one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of another state on the other, which can be fully determined without the presence of any of the other parties to the suit as begun, or where two or more causes of action are united in one suit, and there can be a removal of the whole suit on the petition of one or more of the defendants interested in the controversy which, if it had been sued on alone, would be removable, the controversy does not necessarily become separable merely because the plaintiff could have prosecuted its cause of action against the defendant seeking to remove without the joinder of any other defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 94; Dec. Dig. § 48.*

For other definitions, see Words and Phrases, vol. 7, p. 6412.

Separable Controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. REMOVAL OF CAUSES (§ 54*)—FEDERAL JURISDICTION—DIVERSE CITIZENSHIP —SEPARABLE CONTROVERSY.

Complainants, residents of Massachusetts, filed a bill to restrain infringement of a trade-mark against a New Jersey corporation and defendant L., an individual resident of Massachusetts, whom the bill charged was defendant's president and general manager. The bill also alleged that L. had personally directed and procured to be carried on the wrongful acts of the corporation complained of, and prayed for an injunction

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against both defendants, for a conveyance by defendant corporation of all rights secured by any registration by defendants' alleged infringing trade-mark, and for an accounting of profits. *Held*, that the bill did not show that a separable controversy existed between complainants and defendant corporation, so as to authorize a removal of the cause as to it to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 106; Dec. Dig. § 54.*]

Action by Ellen M. Regis and others against the United Drug Company and others. On motion to remand the case to the state court. Granted.

Browne & Woodworth, for complainants.
Melvin M. Johnson and Johnson & North, for defendants.

LOWELL, Circuit Judge. This is a bill in equity filed in the Supreme Judicial Court of Massachusetts and brought by residents of Massachusetts against a corporation citizen of New Jersey and against Liggett, an individual resident of Massachusetts. The bill alleges the complainant's ownership of a registered trade-mark, "Rex"; that Liggett "is the president of said corporation and the general manager of its business and * * * has personally directed and procured to be carried on the wrongful acts of the respondent corporation hereinafter complained of"; that the defendant corporation has advertised and sold its goods marked "Rexall"; that the Supreme Judicial Court, in a suit against the selling agents of the defendant corporation for the use of the Rexall mark, decreed that these agents be enjoined from continuing this infringement of the Rex trade-mark; that the defendants in the case at bar "had direction and control of the defense of the suit or suits of these complainants against" the agents, "and were the masters of said litigation and paid all the expenses thereof, and therefore these complainants aver that the present respondents and each of them are bound by said rulings and findings of this court"; that the defendant corporation made a profit from the infringement. The bill prayed for an injunction against both defendants, for a conveyance by the defendant corporation of all rights "secured by any registration of the said trade-mark," and for an accounting of profits with the defendant corporation.

The defendant corporation in its petition for a removal of the case to this court made the usual allegations, and set out more particularly the citizenship in Massachusetts of the present complainants and of Liggett:

"That the controversy herein is wholly between citizens of different states. * * * That a complete determination of said controversy can be had as between your petitioner and the plaintiffs aforesaid, without the presence of the said defendant Louis K. Liggett. That this is a suit brought by the said plaintiffs to enjoin an alleged infringement of an alleged trade-mark, and for an accounting and damages against your petitioner, * * * and as a matter of fact the defendant Louis K. Liggett is merely an officer and employé of your petitioner, and would be bound by and subject to any and all decrees which may be entered in this suit against your petitioner. That the said Louis K. Liggett is neither an indispensable nor a necessary party to the complete determination of said controversy. That the action of the plaintiffs in making

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the said Louis K. Liggett a citizen of Massachusetts and an officer and employé of your petitioner, as aforesaid, a nominal party defendant, would not operate to prevent this removal, even if said action had been taken in good faith; but your petitioner avers that said Louis K. Liggett was not so joined in good faith, but that such joinder of him was for the express and fraudulent purpose of defeating the jurisdiction of the courts of the United States. That your petitioner is the defendant actually interested in this controversy."

The state court allowed the petition for removal. After the case was entered in this court the complainant filed a "plea in abatement," which set out that:

"(1) The controversy herein is not wholly between citizens of different states, inasmuch as the complainants at the time of the commencement of this suit were, have ever since been, and still are, citizens of the commonwealth of Massachusetts; the defendant Louis K. Liggett at the time of the commencement of this suit was, has ever since been, and still is, a citizen of the commonwealth of Massachusetts; and the defendant the United Drug Company is a citizen of the state of New Jersey.

"(2) The defendant Louis K. Liggett has personally directed and procured to be carried on the infringement complained of as set forth in paragraph 6 of the bill of complaint; and said infringement constitutes a joint and several tort, and therefore a single cause of action.

"(3) The said defendant Louis K. Liggett was joined in good faith, and the joinder of him was not for the express and fraudulent purpose of defeating the jurisdiction of the courts of the United States, as alleged in the petition for removal."

The case was thereupon set down for hearing, and the plea in abatement, although it raised an issue of fact concerning the alleged fraudulent joinder of Liggett, was yet treated for the purposes of the argument as a motion to remand for want of jurisdiction apparent on the face of the proceedings.

Inasmuch as the defendant Liggett, like the plaintiffs, is a citizen of Massachusetts, this case is not removable from the state court to this court unless there is here "a controversy which is wholly between citizens of different states and which can be fully determined as between them." Act March 3, 1875, c. 137, § 2, 18 Stat. 470, as amended (U. S. Comp. St. 1901, p. 509). In other words, the court has here to determine if there exists a controversy between the Massachusetts plaintiffs and the New Jersey corporation which is "separable" from that which exists and is here sued upon between the same plaintiffs and the Massachusetts defendant Liggett.

To define a "separable controversy" as intended by the statute cited has not been found easy, though the Supreme Court has had to pass upon the question in some 50 cases in fewer years. It is true that in Fraser v. Jennison, 106 U. S. 191, 194, 1 Sup. Ct. 171, 174 (27 L. Ed. 131), it was said by the Supreme Court that, to authorize removal, "the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun." This case was approved and cited in Geer v. Mathieson Alkali Works, 190 U. S. 428, 432, 23 Sup. Ct. 807, 809 (47 L. Ed. 1122), where the Supreme Court added:

"And when two or more causes of action are united in one suit there can be a removal of the whole suit on the petition of one or more of the (de-

fendants) interested in the controversy which, if it had been sued on alone, would be removable."

But the language quoted, and other language which resembles it, is not to be taken as declaring that a controversy is separable merely because the given plaintiff could have prosecuted his cause of action against .the defendant seeking to remove without the joinder of any other defendant. Thus in Alabama Great Southern Railway Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, which is but one of many similar cases, an action at law was brought against two tort-feasors who were sued jointly. One of them was a citizen of the same state as the plaintiff; the other sought to remove, but the Supreme Court held that the controversy between the latter defendant and the plaintiff was inseparable from that between the plaintiff and the resident defendant. Yet it is undisputed that the plaintiff could have sued either defendant without joining the other, and that the cause of action thus sued upon separately is the same as that sued upon jointly. King v. Hoare, 13 Mees. & W. 494, 505. Like the Thompson Case, the present proceeding is based upon a tort alleged to have been committed jointly by the defendant corporation and by Liggett, and must have a like decision unless it can be distinguished as hereinafter suggested.

An attempt to distinguish has been made upon the ground that the present case is a suit in equity, while the Thompson Case and most other cases referred to therein were actions at law. Thus in Smith v. Rines, 2 Sumn. 338, Fed. Cas. No. 13,100, a case approved by the Supreme Court, Mr. Justice Story observed:

"And it is most material to remark that this case (Cameron v. McRoberts, 3 Wheat.' 591 [4 L. Ed. 467]), and all the others, in which a separate and distinct interest, or a nominal interest, is spoken of, were bills in equity, capable in their own nature of separate and distinct interests, where there was, or might be, no community of interest, and where the general question was presented as to the proper parties necessary to be made in a suit in equity. Very different considerations do, or at least may, apply to suits at common law, where the nonjoinder or misjoinder of parties has a very different effect upon the character of the suit, and very different rules apply to it."

But the Supreme Court has applied the rule of the Thompson Case to suits in equity as well as to actions at law. Thus in Plymouth Gold Mining Co. v. Amador & Sacramento Canal Co., 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232, the proceeding sought to enjoin a corporation and certain of its officers from polluting the defendant's waters. It must, therefore, have been a suit in equity, at least in the federal court to which it was removed, whatever it may have been according to the Code of California. The Supreme Court refused to hold that the corporation's controversy with the complainant was separable from the controversy of its officers, and the case was remanded accordingly to the state court. In deciding the case the Supreme Court said:

"It is claimed, however, that, as the answers show that the Plymouth Company is the real defendant, and the petition alleges that the others are nominal parties only, and joined with that company as 'sham defendants' to prevent a removal, the suit must be treated as in legal effect against the New York corporation alone, and, therefore, removable. So far as the complaint

goes, all the defendants are necessary and proper parties. A judgment is asked against them all, both for an injunction and for money. Hayward and Hudson are admitted by the answer to be officers of the corporation, and Montgomery its superintendent. These persons are all citizens of California, and amenable to process in that state. It is not denied that they are all actively engaged in the operations of the company; and Montgomery, as the superintendent of its mines and mills, must necessarily be himself personally connected with the alleged wrongful acts for which the suit was brought. It is undoubtedly true that, if the company has a good defense to the action, that defense will inure to the benefit of all the other defendants; but it by no means follows that, if the company is liable, the other defendants may not be equally so, and jointly with the company. It is possible, also, that the company may be guilty and the other defendants not guilty; but the plaintiff in its complaint says they are all guilty, and that presents the cause of action to be tried. Each party defends for himself, but until his defense is made out the case stands against him, and the rights of all must be governed accordingly." 118 U. S. 270, 6 Sup. Ct. 1037 (30 L. Ed. 232).

To the same effect is Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32, 30 L. Ed. 269, a bill in equity which sought to charge the defendants as joint trespassers and to obtain a conveyance from them. A non-resident defendant sought to remove, but the court held his controversy inseparable and likened the suit in equity in Little v. Giles to an action at law against joint tort-feasors. In Starin v. New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388, the complainant brought suit in equity to restrain the defendants from tortiously maintaining a ferry, and the nonresident defendant was denied removal. Yet the complainant could have proceeded against any defendant separately.

The defendant corporation here relies greatly upon Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122. That was a bill in equity brought by certain stockholders of the Mathieson Company against that company, some of its officers, and the Castner Company, to set aside a conveyance by the Mathieson Company to the Castner Company made by the alleged fraud of all the defendants. The bill also sought an accounting and a decree requiring the individual defendants to make good and pay to the grantor company and to the plaintiffs the loss and damage caused by their wrongful conduct. Some of the corporate officers were resident defendants. The corporations sought to remove. The complainants resisted removal on the ground that their controversy with neither corporation was separable from their controversy with the individual defendants. The Supreme Court held the case to be removable, apparently on the ground that no remedy was sought against them personally for their share in the alleged joint tort, but only a remedy against them in their official capacity. The Supreme Court quoted from Hatch v. Chicago, R. I. & P. R. R., 6 Blatchf. 105, Fed. Cas. No. 6, 204, as follows:

"The directors and the treasurer are, therefore, not real parties to the suits, but merely nominal parties. No personal demand is made against any one of them, nor is any personal accounting asked for any one of them, and it is only in his relation to the company, and in the official position that he occupies toward the company, that any one of them is made a party. The test of this is that, if any one of the directors or the treasurer were to resign his office, he would necessarily cease, ipso factor, to be a proper party to the suit, and the plaintiff would be obliged to make his successor in office a party, and so on with every change. The reason for this would be that, there being no relief prayed against the individual in his individual capacity, and the in-

junction asked being to restrain him merely ·from doing or not doing what his official relation to the company alone enables him to do, or to refrain from doing, when such official relation ceases, the relief asked and the injunction issued become, as to him, utterly futile. This would not be the case where he was made a party defendant, jointly with the corporation of which he was an officer, for the purpose of obtaining some specific relief against him on a personal ·liability, or in order to obtain a ·discovery from him in regard to matters peculiarly within his knowledge. There the dissolution of his official relation would not affect the propriety of his being retained as a defendant. This view is conclusive to show that the entire real controversy in both suits, so far as it is shown by the ·prayer of the complaints, and which is the only guide the court can have, is between the plaintiff on the one side, and the company, as a corporate body, on the other. The plaintiff cannot, by joining, as nominal defendants with the corporation, persons who are citizens of the same state with the plaintiff, deprive the corporation of any right which it would otherwise have in respect to removing the cause into this court. In Wormley v. Wormley, 8 Wheat. 421, 451, 5 L. Ed. 651, it was held that the joining, as defendant in an equity suit in the Circuit Court, of a person who was a citizen of the same state with the plaintiffs, constituted no objection to the jurisdiction of the court over the suit, where such person was merely a nominal defendant, joined for the sake of conformity in the bill, and against whom no decree was sought; and the principle was laid down that the court would not suffer its jurisdiction to be ousted by the mere joinder of formal parties, but would decide on the merits of the case between the parties who had the real interests before it, whenever that could be done without prejudice to the rights of others. This doctrine is as applicable to a jurisdiction conferred by a removal, as it is to one conferred by the bringing of an original suit. So, also, in Carneal v. Banks, 10 Wheat. 181, 188, 6 L. Ed. 297, where parties were made defendants to a suit in equity who were citizens of the same state with the plaintiff, the court held that they were improperly made defendants, and that that fact could not affect the jurisdiction of the court as between the parties who were properly before it, and that the bill might be dismissed as to the improper parties, without in any manner affecting the suit against the proper parties."

It is true that in the Geer Case a remedy was sought against the directors personally as above stated; but of this remedy the Supreme Court said:

"If it be conceded that in a suit which seeks such relief (i. e., against the individual defendants) the Mathieson Company is a necessary party, it is certain the Castner party is not. Besides the relief is distinct from—separable from, to keep to the language of the cases—that which is sought as a result of the grounds of suit against the companies."

In other words, the individual defendants were held to be concerned in the relief sought by way of reconveyance against the corporations only in their official capacity, while one of the corporations at least was ·held not to be a necessary party to the obtaining of the relief sought against the defendants in their individual capacity. In the case at bar, the relief sought against Liggett is that sought against him as one who in his individual capacity has committed the torts complained of jointly with the corporate defendant. For these reasons, I hold that the Geer Case does not apply.

It is to be noticed that only in some half dozen cases has the Supreme Court found a separable controversy to exist within the intent of the statute. In Wecker v. Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, the case was held removable because the joinder of parties was held to be fraudulent. In Yulee v. Vose, 99 U. S. 539, 25 L. Ed. 355, and in Powers v. Ches. R. R., 169 U. S. 92, 18 Sup.

Ct. 264, 42 L. Ed. 673, the resident parties once joined had been eliminated from the case by proceedings before removal. In Connell v. Smiley, 156 U. S. 335, 15 Sup. Ct. 353, 39 L. Ed. 443, the removal had been made on the petition of the parties who subsequently contested its validity, and the Supreme Court, after holding that, upon the record as it stood at the time of removal, the resident defendant was not a necessary party to the relief sought against the defendant who petitioned for the removal, said:

"We find ourselves at liberty to decline to deprive him of his decree on the ground that the cause was not rightfully transferred."

In Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 Sup. Ct. 366, 53 L. Ed. 551, it appeared from the pleadings that the controversy existed between the nonresident defendant on one side, and the complainant and the resident defendant on the other, which controversy was unconnected with that between the complainant and the resident defendant. In Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411, a bill in equity was filed against bondholders, township officers, etc., to restrain the levy of a tax to pay the bonds. As the bondholder was alone interested to maintain the validity of the bonds, he was held entitled to remove. The Geer Case is the only other case which I have been able to find in which the Supreme Court held that a separable controversy existed.

On the other hand, in Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730, 29 L. Ed. 899; Core v. Vinal, 117 U. S. 347, 6 Sup. Ct. 767, 29 L. Ed. 912; Thorn Wire Hedge Co. v. Fuller, 122 U. S. 535, 7 Sup. Ct. 1265, 30 L. Ed. 1235; Louisville & Nashville R. R. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 474; Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303; Chic., R. I. Ry. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055; Ches. & O. Ry. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Kansas City Sub. Ry. v. Herman, 187 U. S. 63, 23 Sup. Ct. 24, 47 L. Ed. 76; Alabama Great South. Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441; Cin., N. O. & Tex. P. R. v. Bohon, 200 U. S. 221, 26 Sup. Ct. 166, 50 L. Ed. 448; Lathrop v. Interior Construction Co., 215 U. S. 246, 30 Sup. Ct. 76, 54 L. Ed. ——; and Ill. Cent. R. R. v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. ——, the action was at law for a tort, and the controversy of the nonresident defendant was held inseparable.[1] In Blake v. McKim, 103 U. S. 336, 26 L. Ed. 563; Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Louisville & N. R. R. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Putnam v. Ingraham, 114 U. S. 57, 5 Sup. Ct. 746, 29 L. Ed. 65; Stone v. So. Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; and Brooks v. Clark, 119 U. S. 502, 7 Sup. Ct. 301, 30 L. Ed. 482—the actions were at law upon a contract, and the controversies were held inseparable. In Gardner v. Brown, 21 Wall. 36, 22 L. Ed. 527; Ayers v. Chicago, 101 U. S. 184, 25 L. Ed. 838; Shainwald v. Lewis, 108 U. S. 158, 2 Sup. Ct. 385, 27 L. Ed. 691; Winchester v. Loud, 108 U.

[1] See So. Ry. Co. v. Miller, 217 U. S. 209, 30 Sup. Ct. 450, 54 L. Ed. ——, reported since the case was decided.

S. 130, 2 Sup. Ct. 311, 27 L. Ed. 677; American Bible Soc. v. Price, 110 U. S. 61, 3 Sup. Ct. 440, 28 L. Ed. 70; Thayer v. Life Ass'n Co., 112 U. S. 717, 5 Sup. Ct. 355, 28 L. Ed. 864; Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693; Central R. R. v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949; Sully v. Drennan, 113 U. S. 287, 5 Sup. Ct. 453, 28 L. Ed. 1007; St. Louis & San Francisco Ry. v. Wilson, 114 U. S. 60, 5 Sup. Ct. 738, 29 L. Ed. 66; Farmington v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807, 29 L. Ed. 114; Crump v. Thurber, 115 U. S. 56, 5 Sup. Ct. 1154, 29 L. Ed. 328; Coney v. Winchell, 116 U. S. 227, 6 Sup. Ct. 366, 29 L. Ed. 610; Fidelity Ins. Co. v. Huntington, 117 U. S. 280, 6 Sup. Ct. 733, 29 L. Ed. 898; Rand v. Walker, 117 U. S. 340, 6 Sup. Ct. 769, 29 L. Ed. 907; East Tenn. Ry. v. Grayson, 119 U. S. 240, 7 Sup. Ct. 190, 30 L. Ed. 382; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287, 30 L. Ed. 435; Peninsular Iron Co. v. Stone, 121 U. S. 631, 7 Sup. Ct. 1010, 30 L. Ed. 1020; Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196, 33 L. Ed. 462; Brown v. Trousdale, 138 U. S. 389, 11 Sup. Ct. 308, 34 L. Ed. 987; Rosenthal v. Coates, 148 U. S. 142, 13 Sup. Ct. 576, 37 L. Ed. 399; Wilson v. Oswego, 151 U. S. 56, 14 Sup. Ct. 259, 38 L. Ed. 70; Merchants' Cotton Press v. Ins. Co., 151 U. S. 368, 14 Sup. Ct. 367, 38 L. Ed. 195; Cal. v. South. Pac. Co., 157 U. S. 239, 14 Sup. Ct. 1138, 38 L. Ed. 702; Gardner v. Brown, 21 Wall. 36, 22 L. Ed. 527— the suits were in equity, and the resident defendants were held necessary parties to the relief sought against the nonresident defendants who sought to remove. In Plymouth Gold Mining Co. v. Amador Co., 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232, in Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32, 30 L. Ed. 269, and in Starin v. New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388, all referred to above, the suits were in equity based upon a tort. The controversy was held to be inseparable also in the following cases: . Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528 (bill in equity for partition); Corbin v. Van Brunt, 105 U. S. 576, 26 L. Ed. 1176 (action of ejectment); Bellaire v. B. & O. R. R., 146 U. S. 117, 13 Sup. Ct. 16, 36 L. Ed. 910 (condemnation proceedings); Laidly v. Huntington, 121 U. S. 179, 7 Sup. Ct. 855, 30 L. Ed. 883 (assignment of dower); Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, 27 L. Ed. 131 (probate); Am. Bible Soc. v. Price, 110 U. S. 61, 3 Sup. Ct. 440, 28 L. Ed. 70 (bill to set aside a will).

Since 1875 (in effect about 100 U. S.) no appeal has lain from a remand to the state court made by the Circuit Court. Of the cases above cited, some 37 came to the Supreme Court from Circuit Courts which had allowed removal on the ground that the controversy was separable, decisions usually reached after mature deliberation. In only 4 of these 37 cases did the Supreme Court fail to hold that the Circuit Court had erred, that the controversy was inseparable, and that the case should have been remanded. A question of law cannot be satisfactorily decided merely by counting decisions in distinguishable, though more or less, analogous cases. But it must be admitted that the mere figures above mentioned are to some extent persuasive, and indicate that controversies separable within the statute are extremely rare.

Although Liggett's part in the controversy here litigated seems small compared to that of the defendant corporation, yet he is alleged to have personally directed the tort complained of, and an injunction against him is prayed. According to the understanding stated at the argument, the defendant may now prove that Liggett's joinder as defendant was fraudulent, if he can produce the needed evidence. Otherwise the case must be remanded to the superior court.

NOTE.—The case was referred to a master, who found that the joinder of defendant Liggett was not fraudulent. and the case was therefore remanded to the state court whence it came.