ROBERT. H. I. GODDARD *et al.* *vs.* THE CITY OF PROVI-
DENCE *et als.*

By an ordinance of the city council of the city of Providence, the Mayor was au-
thorized "by and with the advice of the committee on the city debt" to guar-
antee the payment of certain bonds issued by a railroad company. On de-
murrer to a bill in equity by taxpayers to enjoin the guaranty of such bonds :
*Held,* that the committee on the city debt were properly made parties to the bill.
The bill alleged that the bonds of the railroad company referred to in the ordi-
nance had been sold and negotiated, and were outstanding in the hands of per-
sons unknown to the complainants ;
*Held,* that the bill was not demurrable for not making the railroad company a
party to the bill.

BILL IN EQUITY for an injunction.    On demurrer to the
bill.

By an ordinance of the city council of the city of Provi-
dence, passed December 8, 1893, the Mayor was authorized,
by and with the advice of the committee on the city debt, to
guarantee the payment of certain bonds issued by the Provi-
dence and Springfield Railroad Company.    The bill alleged
that said bonds had been sold and negotiated, and were out-
standing in the hands of sundry persons to the complainants
unknown, and prayed for an injunction against the city of
Providence from endorsing or guaranteeing the bonds, against
the Mayor from signing the guaranty of the city of Provi-
dence, and against the committee on the city debt from ad-
vising the guaranty by the Mayor.

*March* 21, 1894.    PER CURIAM.    By the terms of the ordi-
nance (No. 713.    An Ordinance Authorizing the Endorse-
ment of the Bonds of the Providence and Springfield Railroad
Company) the Mayor is authorized to guarantee the payment
of the bonds, only by and with the advice of the committee
on the city debt.    Their advice is consequently necessary to
the Mayor's action.    This being so, the committee on the city
debt is a part of the instrumentality for the carrying out by
the city of the action which it is the purpose of the bill to en-
join.    We think, therefore, that, in accordance with well
settled principles, the committee on the city debt were pro-
perly made parties to the bill.    Story's Eq. Pl. § 159.    *Sully*

v. *Drennan*, 113 U. S. 287.  Their demurrer to the bill is overruled.

The bill avers that the bonds have all been sold and negotiated.  If this be so, the Providence and Springfield Railroad Company have ceased to have any interest in the bonds, and no relief being prayed against it, the complainants could not properly have made it a respondent.  Had they done so the bill would have been clearly demurrable.

The Judiciary Act, cap. 20, § 16, provides that any person, on making it appear that he is interested in the subject matter of a suit, may be allowed to become a party.  If the Providence and Springfield Railroad Company are still the holders of the bonds, as claimed, when that fact appears, it may be permitted by the court to become a party to the suit, if the complainants do not voluntarily amend their bill by making it a party; but on the allegations of the bill, of which alone, on demurrer, we can take cognizance, we do not think that the Providence and Springfield Railroad Company is entitled to be made a party; and, hence, the demurrer of the city of Providence, incorporated in its answer, based on the ground that the bill is defective for the non-joinder of that company, must also be overruled.

*James Tillinghast, Richard B. Comstock & Rathbone Gardner*, for complainants.

*Francis Colwell*, City Solicitor, for the respondents.