GALEOTTI et al. v. DIAMOND MATCH CO. et al.

(Circuit Court, N. D. California. April 11, 1910.)

No. 1,530.

1. REMOVAL OF CAUSES (§ 61*)—SEPARABLE CONTROVERSY—COMPLAINT.

Whether two defendants are improperly joined, and whether there is a separable controversy authorizing a removal of the cause by one of the defendants to the federal court, must be determined by the case made by the complaint, and the question of removal cannot be made to depend upon the question whether the federal court might eventually determine that the theory on which the action was brought was erroneous, and that no joint liability in fact existed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*

Separable controversy ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. REMOVAL OF CAUSES (§ 49*)—SEPARABLE CONTROVERSY—JOINT LIABILITY.

Plaintiff sued defendant corporation, a nonresident, owning and operating a sawmill in California, and its resident superintendent, for wrongful death of plaintiff's decedent, alleging that defendants employed decedent to work at the mill, and put him to work in a place over which a chute was being used to convey heavy slabs of wood; that the chute was wholly unguarded and unprotected; that slabs frequently escaped and fell at the place where deceased was put to work; that defendants knew of the dangerous character of the place, but failed to warn deceased thereof; and that deceased, without knowledge that the place was not safe, was struck and killed by a slab falling from the chute. Held, that the complaint purported to charge a joint liability for active negligence on the part of both the corporation and its superintendent, and that it did not, therefore, appear that the superintendent was improperly joined, and that a separable controversy existed between plaintiff and the nonresident defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 97; Dec. Dig. § 49.*]

At Law. Action by Antilio Galeotti and others against the Diamond Match Company and another. On motion to remand. Granted.

Ambrose Gherini, for plaintiffs.

Chickering & Gregory and A. F. Jones, for defendants.

VAN FLEET, District Judge (orally). This is a motion to remand. The action was commenced in the state court by the widow and minor children of one Agostino Galeotti, deceased, against the defendants, a nonresident corporation, and its superintendent, a resident of this district, sued jointly, to recover damages resulting from the death of the plaintiffs' decedent, alleged to have been caused by the negligence of the defendants. The defendant corporation removed the cause to this court, upon the theory, as disclosed by its petition, that in the first place the complaint states no cause of action against the superintendent; but, secondly, if it does, it is wholly separable and apart from that alleged against the corporation, and that therefore the defendants have been improperly joined, and for that reason the corporation cannot be debarred of its right to invoke the jurisdiction of this

court on the ground of diversity of citizenship existing between that defendant and the plaintiffs. The motion to remand is based upon the claim that the action is joint in character, and hence that no diversity of citizenship exists under the statute.

The material facts alleged in the complaint are that the defendant corporation was engaged in operating a sawmill at Sterling City, in the county of Butte, in this state; that William F. Spring was superintendent of said sawmill, and that "the defendants" employed said Agostino Galeotti to work for said corporation at said mill, and put him to work thereat in a place over which a chute was being used at the time for conveying and transferring heavy slabs of wood; that this chute was wholly unguarded and unprotected, and no means employed to keep such slabs in their course within the chute, in consequence whereof large and heavy slabs would frequently escape and fall at the place where the deceased was so put to work; that said defendants knew the dangerous character of the situation, but wholly failed to warn deceased thereof, and that the latter did not know, and had no means of knowing, that the place was not safe; and it is alleged that while deceased was at work at said place on November 25, 1908, a large and heavy slab of wood escaped from said chute and fell upon and killed him, to the damage of plaintiffs, etc.

The corporation contends that these facts show only a violation of its duty as the master to provide a safe and convenient place for the performance of the labor at which the decedent was employed, and disclose no responsibility on the part of its codefendant, the superintendent; that the facts show no active or affirmative negligence upon the part of either defendant, but purely a passive one, in the nature of a nonfeasance, for which, if both defendants are responsible, they can in no event be held jointly liable; and that, therefore, as stated, they are improperly joined as defendants.

In the first place, I am unable to coincide with this construction of the pleading. To my mind, the charge that the decedent was put at work in a highly dangerous situation, in ignorance of its dangers, and without warning by the defendants, who had knowledge thereof, is the allegation of more than a mere passive or negative act. It is not a mere nonfeasance. It partakes of the nature of a positive wrong, and is a misfeasance, for which all who directly participated would be liable.

But independently of this consideration, and assuming the nature of the acts complained of to be as claimed by the defendant corporation, the case does not, in my judgment, disclose a separable controversy between the corporation and the plaintiffs, which will, under the law, entitle that defendant to have the cause retained in this court. It is apparent from the complaint that plaintiffs have sought and intended to make the action a joint one against the defendants, since they are charged conjunctively with the acts through which the injury resulted. The questions in cognate form as to the identity of responsibility of the superior and his agent for negligence, and under what circumstances they may be held jointly liable, and the effect of that question upon the right of the parties as to removal to this court, have been very fully

considered in a number of cases. While they have given rise to some contrariety of view, they would seem to be, so far as this court is concerned, definitely settled by the decisions of the Supreme Court of the United States. The doctrine of that court, as clearly indicated in the cases that have come before it, is, in substance, that the question whether one, sued jointly with others in an action of this impression, is properly joined, is dependent upon the case as made in the complaint, and if, under the allegations of that pleading, it appears that the defendants are sought to be held jointly liable, the plaintiff has a right to have the action proceed upon that theory, and that the question of removability cannot be made to depend upon the question whether this court might eventually determine that the theory upon which the action was brought is erroneous and that no joint liability in fact exists. Thus in the case of Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 137, 21 Sup. Ct. 67, 70, 45 L. Ed. 121, where the right of removal was under consideration, and it was contended, as here, that no joint cause of action existed as between the railway company and the other defendants, its servants, it is said, as to the identity of responsibility between the master and his agents:

"Whatever its sources, or the principles on which it rests, the rule itself is firmly established; and many courts have held the identification of master and servant to be so complete that the liability of both may be enforced in the same action, although other courts have reached the opposite conclusion. As remarked by Mr. Justice Gray, then Chief Justice of Massachusetts, in Mulchey v. Methodist Religious Society, 125 Mass. 487, the question is 'a somewhat nice one,' the determination of which by the highest court of Kentucky we are not called upon to revise, as the disposition of this case turns on other considerations. In respect of the removal of actions of tort on the ground of separable controversy, certain matters must be regarded as not open to dispute. In Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92 [18 Sup. Ct. 264, 42 L. Ed. 673], it was said: 'It is well settled that an action of tort, which might have been brought against many persons, or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said: "A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."'"

And it is further said:

"The contention of counsel is that this complaint charged neither direct, nor concurrent, nor concerted action on the part of all the defendants, but counted merely on the negligence of the employés. If the complaint should be so construed, the question would still remain whether the cause of action was not entire as the case stood, and the objection of the difference in the character of the liability matter of defense, which might force an election, or defeat the action as to one of the parties."

And again in Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 218, 26 Sup. Ct. 161, 165 (50 L. Ed. 441), after an exhaus-

tive review of the authorities bearing upon the subject, the Supreme Court say:

"As shown in the opinion of the Chief Justice in the Carson Case, supra [179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121], the cases are in difference as to whether a common-law action can be sustained against master and servant jointly because of the responsibility of the master for the acts of the servant in prosecuting the master's business. In good faith, so far as appears in the record, the plaintiff sought the determination of his rights in the state court by the filing of a declaration in which he alleged a joint cause of action. Does this become a separable controversy, within the meaning of the act of Congress, because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think, in the light of the adjudications above cited from this court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now; that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court."

And it was held that for the purpose of determining the right of removal the action must be deemed joint.

The complaint in this case, as indicated, counts jointly against these two defendants. It is true that the corporation is alleged to have been the owner and operator of the mill where the accident occurred which resulted in the death of the plaintiffs' decedent, and was therefore the superior or the master as between that defendant and its superintendent; but it is alleged that the two defendants placed the decedent in the dangerous situation which resulted in his death, and it is therefore evident that the plaintiffs intended to charge the defendants jointly for the death of their decedent. This being so, under the principles announced in the cases from which I have just read, this court may not presume to retain jurisdiction of this cause; but it must be remanded.

It is so ordered.