## BAGENAS v. SOUTHERN PAC. CO. et al.

(Circuit Court, N. D. California. August 1, 1910.)

No. 15,067.

**1. REMOVAL OF CAUSES (§ 36*)—ADVERSE CITIZENSHIP—JOINT ACTION AGAINST RESIDENT AND NONRESIDENT.**

While a joint defendant sued purely by a fictitious name without other facts identifying him as a proper or necessary party to the action stated will be regarded as a formal party merely, whose presence on the record will not affect the right of removal by one otherwise entitled thereto, yet one may sue any or all of those jointly liable for a tort, and, where a joint cause of action is stated against them, a defendant so sued cannot question the good faith with which his codefendants have been joined with him, though such joinder may appear to be for the very purpose of preventing a removal to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. REMOVAL OF CAUSES (§ 43*)—PROCEEDINGS—TIME FOR TAKING—AMENDMENT DISCONTINUING AS TO JOINT DEFENDANT.**

Where an original complaint stated a joint cause of action against a resident and nonresident defendant, and an amended complaint for the first time made the resident defendant a mere nominal party to the record, asserting no cause of action against him, the nonresident defendant was not precluded from removing the cause to the federal court because the case was not removable at the time when, by the literal terms of the statute, removal might be had, and he had answered the original complaint and went to trial thereon, the time within which application for removal must be made being not jurisdictional, but modal and formal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 87; Dec. Dig. § 43.*]

**3. REMOVAL OF CAUSES (§ 41*)—CITIZENSHIP—CONTROVERSY BETWEEN NON-RESIDENTS IN STATE COURT.**

The Circuit Court has jurisdiction under the judiciary act (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]) to entertain by removal an action by a nonresident alien in a state court against a citizen of another state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 82½–84; Dec. Dig. § 41.*]

At Law. Action by Gus Bagenas, administrator of George S. Eliopoulos, against the Southern Pacific Company and another. On motion to remand to the state court. Motion denied.

Brennan & Lane and Costello & Costello, for plaintiff.
A. A. Moore and Stanley Moore, for defendants.

VAN FLEET, District Judge. This is a motion by plaintiff to remand the cause to the state court; the material facts being these:

The action was originally commenced in the superior court of the city and county of San Francisco by the widow and minor children as the heirs at law of one George S. Eliopoulos, as plaintiffs, against the Southern Pacific Company, a corporation organized and existing under the laws of Kentucky, and one John Doe Marshall, a citizen of California and resident of this district as defendants, to recover damages resulting to the plaintiffs from the death of the husband and father claimed to have been caused through the joint negligence of the defendants; it being alleged that, while deceased was lawfully a passenger on one of defendant corporation's trains, another train owned and operated by it and in charge of defendant Marshall as conductor was carelessly and negligently caused by the defendants to collide with the one on which deceased was riding, thereby derailing it and injuring him so that he died. To this complaint the defendant corporation answered, and the action subsequently went to trial. At the trial in response to a motion for nonsuit based, among others, upon the ground that plaintiffs had not capacity to sue, the plaintiffs asked leave to amend the complaint which was granted and the nonsuit denied. Thereafter what purported to be an amended complaint was filed in the action, but in the name of the present plaintiff, as administrator of the estate of said George E. Eliopoulos, deceased, against the same defendants; the names of the original plaintiffs not appear-

ing. In the amended complaint, while he was named in the caption, no cause of action was stated against the defendant Marshall, but it was alleged that deceased while employed by the defendant corporation as a track repairer came to his death in the manner indicated in the original complaint through the "negligence and carelessness of the defendant Southern Pacific Company in operating said trains." Thereupon before any further proceedings in the Superior Court, and before the defendant was required to answer such amended complaint, it procured the action to be removed to this court on the ground of diversity of citizenship.

The contention of the plaintiff in support of the motion is that the proceeding for removal came too late; that, if the right existed at all, it was open to the defendant corporation at the filing of the original complaint as fully as at the date the removal was had; and that by answering in the state court and going to trial the right was waived. This contention is based upon the theory now advanced by the present plaintiff that the defendant Marshall never was a necessary party to the action, and that this appeared upon the face of the original complaint; that, being sued by a fictitious name, he was to be regarded as merely a nominal or formal party whose presence did not at any time constitute an obstacle to a removal of the cause by his codefendant. But this attitude is not only a manifest stultification of the theory upon which the original complaint was framed, but involves an obvious misapprehension of the facts there alleged. It is true that it is held that a defendant sued purely by a fictitious name, without other facts identifying him as a proper or necessary party to the cause of action stated, will be regarded as a formal party merely, whose presence on the record will not affect the right of removal by one otherwise entitled thereto. But that is not this case. In the first place Marshall was not, strictly speaking, sued by a fictitious name. The use of the name "John Doe Marshall" as alleged in the complaint did not imply that the name was wholly fictitious, but was to be taken as an averment that his surname was Marshall and merely his Christian name unknown to the plaintiffs. But in the next place he was distinctly identified by express averment as the conductor of the offending train, and as such a perfect cause of action was stated against him as a joint tort-feasor with his codefendant. A joint cause of action being thus stated against them, his codefendant was not at liberty to assume that Marshall was not sued in good faith, and, upon that assumption, seek to remove the cause. One may sue any or all of those jointly liable for a tort, and it does not lie with a defendant so sued to question the good faith with which his codefendants have been joined with him, even though such joinder may appear to be for the very purpose of preventing a removal of the cause. This principle is aptly stated by Judge Taft in Hukill v. Maysville, etc., R. Co. (C. C.) 72 Fed. 745, where it is said:

"If a plaintiff has a good cause of action for a joint tort against several defendants, it is not fraudulent in him to join them all in his suit, even if it does appear that he would not have joined the resident defendants with the nonresident defendants except for the purpose of avoiding the jurisdiction of the federal court. Where he has reasonable ground for a bona fide

belief in the facts upon which the liability of all the defendants depends, his motive in joining them cannot be questioned. It is only where he has not, in fact, a cause of action against the defendants, and has no reasonable ground for supposing that he has, and yet joins them, in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."

See, also, Thomas v. Great Northern R. Co., 147 Fed. 83, 77 C. C. A. 255; Knuth v. Butte Electric Ry. Co. (C. C.) 148 Fed. 73.

And even though upon the facts alleged a question might arise as to the existence of a joint liability in the defendants, so long as the complaint alleged the cause of action in that form, the plaintiffs had a right to have the case remain in the state court and proceed upon that theory. This was recently held in this court in Galeotti v. Diamond Match Co. et al., 178 Fed. 127, a case of cognate character, where, as the result of a painstaking examination of the decisions of the Supreme Court upon the question, the rule is thus stated:

"The doctrine of that court, as clearly indicated in the cases that have come before it, is, in substance, that the question whether one sued jointly with others in an action of this impression is properly joined is dependent upon the case as made in the complaint, and if, under the allegations of that pleading, it appears that the defendants are sought to be held jointly liable, the plaintiff has a right to have the action proceed upon that theory, and that the question of removability cannot be made to depend upon the question whether this court might eventually determine that the theory upon which the action was brought is erroneous, and that no joint liability in fact exists."

And, it appearing from the complaint in that case that it was intended by the plaintiff to state a joint cause of action against the defendants, it was directed that the cause be remanded to the state court.

It is quite apparent from these principles that the defendant corporation was not entitled to remove this cause upon the facts as they appeared in the original complaint. Had it attempted to do so, the law would have imperatively required this court to remand the cause. This being so, was the defendant too late in procuring the removal of the cause at the time it did?

It is not necessary for present purposes to determine whether, as advanced by the defendant, the action of the state court in allowing a discontinuance as to the original plaintiffs and the filing of the present complaint by a new party, based upon a different theory as to liability, was virtually permitting a new action, and for a new cause, to be commenced under the guise of an amendment. That question involves considerations which are beside the present motion; whereas, the same practical result must follow to defendant by treating the action of the state tribunal as authorizing an entirely proper amendment. It is certain that treating it as such the status of the defendant railroad company as to the right of removal is entirely changed under the case made in the amended complaint. That pleading, as we have noted, was virtually a discontinuance as to its codefendant Marshall. It entirely fails to state any cause of action against him, but charges the railroad company as being the sole author of the negligence upon which the right of recovery is based. Thus, for the first time, Marshall became a mere nominal party to the record, against whom no

cause of action is asserted; and all the authorities agree that such a party may be ignored in determining the right of removal. The only question then is, the case not being removable at the time when by the literal terms of the statute removal may be had, but becoming so later, is the defendant denied the assertion of that right? This question is very fully and completely answered in the negative by the Supreme Court in Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, where, after a discussion of the terms of the removal act in the respect here involved, it is held that the time within which application for removal must be made is not jurisdictional but modal and formal, and that to so construe the statute that the application can be made only within the time therein prescribed would in many instances defeat the right which the act was clearly intended to confer, and it is said:

"This provision clearly manifests the intention of Congress that the petition for removal should be filed at the earliest possible opportunity. But, so long as there does not appear of record to be any removable controversy, no party can be entitled to remove it, and the provision of the act of Congress that 'any party entitled to remove any suit' 'may make and file a petition for removal' at or before the time when he is required to make answer to the suit, cannot be literally applied. To construe that provision as restricting to the time prescribed for answering the declaration the removal of a case which is not a removable one at that time would not only be inconsistent with the words of the statute; but it would utterly defeat all right of removal in many cases. * * * The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as in intention and effect permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought."

And it was held that, the plaintiff having, as here, discontinued as to the resident defendants, the action as to the nonresident defendant became removable, and its petition filed immediately upon such event was filed in due time.

Applying the principles of that case which are strictly pertinent to the facts here, it must be held that the defendant corporation in answering the original complaint and going to trial thereon did not waive its right subsequently accruing to have the action removed to this court.

I do not gather distinctly from plaintiff's brief whether he is to be understood as urging the objection raised in Mahopoulus v. Chicago, etc., Ry. Co., (C. C.) 167 Fed. 165, and Barlow v. Chicago, etc., Ry. Co. (C. C.) 164 Fed. 765; s. c. on rehearing (C. C.) 172 Fed. 513, that this court is without jurisdiction under the judiciary act (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]) to entertain by removal an action brought by a nonresident alien in a state court against a citizen of another state. Plaintiff has contented himself by referring the court to those cases without definite comment, and it appears upon consideration that they are diametrically opposed in their conclusions upon the subject; the first holding that the jurisdic-

tion does not exist, and the latter that it does. If, however, it is intended to insist upon the objection here, I think it must, for present purposes, be regarded as concluded by the Matter of Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, wherein the precise question was presented to the Supreme Court in an application for mandate to the Circuit Court of the United States for Minnesota to require that court to remand a case for want of jurisdiction; and the application was denied without comment. As this was the only question involved in the application; and as mandate is held in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, to be the proper remedy in such a case, I think the denial of the application must be regarded as an implicit ruling by that court in favor of the existence of jurisdiction.

It results from these considerations that the motion to remand must be denied; and it is so ordered.