WEST SIDE R. CO. v. CALIFORNIA PAC. R. CO. et al.

(District Court, N. D. California, Second Division. January 13, 1913.)

1. REMOVAL OF CAUSES (§ 107*)—PROCEEDINGS FOR REMAND—SCOPE OF INQUIRY.

The question of the removability of a cause must be determined on the record at the time of removal, and cannot be affected by affidavits filed in support of a motion to remand.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 220, 225–234; Dec. Dig. § 107.*]

2. REMOVAL OF CAUSES (§ 46*)—GROUNDS—DIVERSITY OF CITIZENSHIP.

A cause in which several defendants are joined is not removable, on the ground of diversity of citizenship, unless it appears from the record that the defendant seeking it is the sole proper or necessary party defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 90, 91; Dec. Dig. § 46.*]

3. REMOVAL OF CAUSES (§§ 46, 52*)—GROUNDS—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

A proceeding for condemnation of property, brought by a California corporation under Code Civ. Proc. Cal. § 1244, which requires all owners or claimants of the property to be made parties, is not removable, on the ground of diversity of citizenship, by one of a number of defendants, where the complaint alleges that other defendants, who are citizens of the state, claim an interest in the property; nor is it removable, on the ground of a separable controversy, where it appears that the claims of the defendants are to the same property.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 90, 91, 102, 103, 105; Dec. Dig. §§ 46, 52.*

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

Action for condemnation of property by the West Side Railroad Company against the California Pacific Railroad Company, the Southern Pacific Company, and others. On motion to remand to state court. Motion sustained.

This is a motion to remand. The action was brought in the state court by the plaintiff, a railroad corporation of this state, against the California Pacific Railroad Company, also alleged to be a corporation organized and existing under the laws of this state, the Southern Pacific Company, a corporation having its creation and existence under the laws of Kentucky, and other defendants, sued by fictitious names, to condemn property for use as a right of way for plaintiff's railroad—the complaint alleging that "the owners and

claimants of the property herein sought to be condemned and herein described, so far as the same are known to the plaintiff, are: California Pacific Railroad Company, a corporation, Southern Pacific Company, a corporation," and the fictitious defendants; and after a description of the property sought to be taken it is alleged "that the defendant California Pacific Railroad Company claims to own said real property hereinbefore described, and required by plaintiff, being the entire parcels or tracts of land, of which the real property sought to be taken is the whole."

The defendant Southern Pacific Company, within due time after service of summons upon it, procured an order of the state court removing the cause to this court upon a petition the material averments of which, after stating formal jurisdictional matters, are:

"That the California Pacific Railroad Company, named as a defendant in plaintiff's said complaint, ever since the 12th day of April, 1898, has been and now is a defunct and extinct corporation, and has no right, title, or interest in or to the property therein sought to be condemned, or in or to the alleged cause of action therein stated. That the defendants John Doe Company, a corporation, Richard Roe, Thomas Coe, Mary Moe, and John Brown are fictitious, nominal, and formal parties, and have no interest whatsoever in or to said property or said alleged cause of action as stated in plaintiff's complaint. That defendant Southern Pacific Company has a substantial and material interest in and to the property described in the complaint, and is the only proper party defendant appearing on the face of said complaint. That at the time of the commencement of this suit there was, ever since has been, and still is therein a controversy wholly between citizens of different states, which can be fully determined between them; that is to say, between plaintiff, West Side Railroad Company, and said defendant, Southern Pacific Company, your petitioner."

Plaintiff's motion to remand proceeds upon the ground that, upon the facts disclosed in the record, the cause is one not subject to removal. In its formal motion filed for that purpose, in addition to such general ground, it is stated:

"That said action is an action in eminent domain, wherein and whereby said plaintiff seeks to condemn for the uses and purposes of the plaintiff a certain lot of land situate in said county of Yolo, state of California, and that under and by virtue of the statutes of the said state of California relating to eminent domain, to wit, subdivision 2 of section 1244 of the Code of Civil Procedure of state of California, all persons who are owners or claimants of the property sought to be condemned are necessary parties to said action. That the Southern Pacific Company, a corporation, claims to be in possession and entitled to possession of said property. That, so far as the records of said county of Yolo show the ownership of said property, the Pacific Improvement Company, a corporation, by deed of grant, bargain, and sale, made and executed by Pacific Improvement Company, dated May 29, 1894, conveyed said property to defendant California Pacific Railroad Company, a corporation. That said California Pacific Railroad Company, a corporation, was organized and existing under and by virtue of the laws of the state of California, and that its principal place of business was at all times in the said city and county of San Francisco, state of California, and that therefore it was at all times a resident and citizen of the said state of California. That on the 12th day of April, 1898, certain articles of incorporation and amalgamation were executed between the said California Pacific Railroad Company, a corporation, and the Southern Pacific Railroad Company and other corporations, wherein and whereby said corporations were amalgamated and incorporated under the laws of the state of California as the Southern Pacific Railroad Company, and that the Southern Pacific Railroad Company is organized and existing under and by virtue of the laws of the state of California, and has its principal place of business in the city and county of San Francisco, state of California, and is a resident and citizen of said state of California. That in and by the said articles of amalgamation and incorporation all of the property of the said California Pacific Railroad Company, a corporation, is transferred to and vested in the said Southern Pacific Railroad Company."

The motion is accompanied by an affidavit purporting to disclose and set forth the present state of the title, so far as appears on the records of the county where situated, to the premises in controversy, in accordance with the statements above recited in the plaintiff's motion.

Mastick & Partridge, of San Francisco, Cal., for the motion.
Devlin & Devlin, of Sacramento, Cal., opposed.

VAN FLEET, District Judge (after stating the facts as above). [1] The facts set forth in the plaintiff's motion to remand and the accompanying affidavit in their support, as to the present state of the title to the premises, must be laid out of view and disregarded in determining the removability of the case, since that question must depend upon the state of the record in the state court when the cause was removed here, Louisville, etc., R. R. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 474; Alabama G. S. Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147.

[2] As appears from the facts stated the removal was sought on the two grounds of diversity of citizenship and the existence of a separable controversy as between the removing defendant and the plaintiff. Upon the first ground where there are several defendants joined, a removal cannot be had, unless it appear from the record that the defendant seeking it is the sole, proper, or necessary party defendant in the action.

[3] Under the law of California (section 1244, subd. 2, Code of Civil Procedure) all owners or claimants of property sought to be condemned are necessary parties to the action. In this respect the complaint (ignoring the nominal or fictitious defendants) proceeds upon the theory, and alleges, that both the Southern Pacific Company, the defendant bringing the cause here, and the California Pacific Railroad Company, alleged to be a corporation organized and existing under the laws of this state, are claimants of the property sought to be condemned. For present purposes, these allegations of the complaint are conclusive on the court; there being no averment in the petition for removal that the local corporation was wrongfully joined as a defendant for the purpose of preventing a removal. The averments in the petition that the latter corporation is "defunct and extinct," and "has no right, title, or interest in the property," and that the Southern Pacific Company "is the only proper party defendant appearing on the face of said complaint," are unavailing to change the aspects of the case, as those averments only tend to raise issues which may not be competently inquired into on this motion. Whether the alleged local corporation defendant is now in existence, and, if so, has title to the property, are questions involved in the merits of the cause of action stated, and upon which the plaintiff is entitled to have issue joined in the formal pleadings and regularly tried with the other issues in the case by a jury. Louisville, etc., R. R. Co. v. Wangelin, supra, 132 U. S. 603, 10 Sup. Ct. 203, 33 L. Ed. 474. Upon the record, therefore, the case is not one subject to removal upon the ground of diversity of citizenship.

Does the record disclose the existence of a separable controversy? In this regard the averments of the petition are very general and

meager. In effect, the bald averment above stated that a separable controversy exists is no more than the averment of a conclusion of law. On the requirements of the petition in this respect, Mr. Moon says:

"Although the plaintiff's complaint must be looked to as the evidence from which to determine whether a suit contains a separable controversy, a petition for removal on such ground should itself 'distinctly show and point out the separable controversy, name the parties to it, and state all the grounds upon which the petitioner relies.'" Removal of Causes, § 159.

As plaintiff, however, makes no point based on the paucity of the petition in this respect, the court will examine the allegations of the complaint to see if such ground is disclosed.

The complaint, as we have seen, alleges, and, so far as appears, in perfect good faith, that ownership in the premises involved is asserted by both of the two corporations named as defendants, the California Pacific Railroad Company and the Southern Pacific Company. The specific character of the ownership of each is not attempted to be stated, and it was not necessary that it should be, that being more properly subject-matter for an answer. The pleading is therefore to be taken, notwithstanding it describes the property as consisting of separate lots, as proceeding upon the theory that each of these two defendants makes claim of ownership in the entire property sought to be condemned treated as a single parcel, and that the pleading is so understood by the removing defendant is disclosed by the allegations in its petition that the California Pacific Railroad Company "has no right, title, or interest in or to the property therein sought to be condemned," and that the defendant Southern Pacific Company "has a substantial and material interest in the property described in the complaint." It is not a case, then, of two defendants claiming separate and distinct interests in different parcels of property, but where the two defendants are asserting title to one and the same property. This being so, no separable controversy is made to appear.

Upon the theory upon which the action proceeds, each of the two defendants named is under the statute of the state a necessary party to the proceedings; and, as stated by Mr. Moon, in an action against several defendants—

"to appropriate a single tract of land the controversy between the plaintiff and one defendant is not separable from that between the plaintiff and any other defendant." Removal of Causes, § 144.

In this respect it can make no difference that the action may turn out to have been brought upon an erroneous theory and that plaintiff may on the trial fail to sustain his cause of action as laid. The truth of the facts as above stated cannot be tried in this proceeding. The court is circumscribed by the record before it, and the plaintiff has the right to proceed upon the theory outlined in his complaint, notwithstanding that theory may prove erroneous.

In Alabama G. S. Ry. Co. v. Thompson, supra, where plaintiff had sued two defendants jointly upon what was contended to be an erroneous theory, the court, after a review of all the authorities on the subject, say:

"Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think, in the light of the adjudications above cited from this court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now, that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed, unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court."

Under the principles thus obtaining it can make no difference to the rights of the parties on this motion if it be true, as asserted at the argument, that since the action was commenced the entire title to this property has passed by deed from the successor of the California Pacific Railroad Company to the defendant Southern Pacific Company. That fact may affect the eventual rights of the parties to the action, but it adds nothing to the record which may be considered here.

It may be added that, should the case upon going back assume a different aspect by amendment of the pleadings or otherwise, so as to present for the first time a cause for removal by the defendant now seeking it, it will not then be too late to assert that right. Bagenas v. Southern Pacific Co. (C. C.) 180 Fed. 887, and cases there cited. As the case now stands, the right of removal does not exist.

The motion to remand will be granted.