O'NEIL, Ins. Com'r, v. BIRDSEYE et al.

(District Court, S. D. New York.  July 6, 1917.)

No. 113.

1. REMOVAL OF CAUSES ⚙⟹102—GROUND FOR REMAND—NONRESIDENCE OF PARTIES.

   A suit removed from a state court should be remanded on motion of plaintiff where neither party is a resident of the state.

2. REMOVAL OF CAUSES ⚙⟹102—GROUNDS FOR REMAND—WANT OF JURISDICTION.

   To sustain jurisdiction of a suit on removal in a district of which neither party is a resident under Judicial Code (Act March 3, 1911, c. 231, § 57, 36 Stat. 1102 [Comp. St. 1916, § 1039]) § 57, on the ground that it is one of a local nature to enforce a claim or lien on property in the district, the bill must be considered as a whole, and if any substantial part of the relief sought could not be afforded in a suit in rem, without personal service on the defendant, a motion to remand must be granted.

3. REMOVAL OF CAUSES ⚙⟹49(3)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

   A suit in equity in which it is alleged that the property sought to be recovered, although held in severalty by the defendants, was obtained through a fraudulent conspiracy between them, does not involve a separable controversy, and is not removable by one defendant alone.

In Equity.  Suit by J. Denny O'Neil, Insurance Commissioner of the Commonwealth of Pennsylvania, as receiver of the Pittsburgh Life & Trust Company, against Clarence F. Birdseye and others.  On motion to remand to state court.  Motion granted.

Sullivan & Cromwell, of New York City, for plaintiff.

Jerome, Rand & Kresel, of New York City, for defendant Birdseye.

MANTON, District Judge.  This case was originally started in the state court by a citizen of Pennsylvania, as insurance commissioner of the commonwealth of Pennsylvania, and as receiver of the Pittsburgh Life & Trust Company, against Clarence F. Birdseye, a citizen of New Jersey, and other defendants, some of whom are residents and citizens of New York.  Birdseye alone moves the cause here.

The plaintiff objects, and asks to remand to the state court on the grounds: First, that neither plaintiff nor defendant Birdseye reside in the Southern district of New York; second, that, the re-

moval being sought on the ground of diversity of citizenship, all the defendants should have joined in the application to remove; and, third, that there is no diversity of citizenship, inasmuch as the defendants Washington Life Insurance Company and Jesse S. Phillips, insurance commissioner of the state of New York, both citizens of New York, are united in interest in this controversy with the plaintiff as against all the other defendants, some or most of whom are citizens of New York, and there are therefore citizens of New York on both sides of the controversy.

[1, 2] Neither the plaintiff nor the removing defendant reside within this district, and under the rule laid down in Doherty v. Smith (D. C.) 233 Fed. 132, this court is committed to the rule of law that a motion to remand should be granted because of the nonresidence within this district of the plaintiff or defendant. Judge Hand, in the authority above cited, reviewed the authorities with considerable care, and I cannot find that the rule laid down in the case of Doherty v. Smith has been departed from in this district. But the defendant Birdseye claims that there is another equally valid reason for exercising federal jurisdiction, to wit, that the suit, among other things, was brought to enforce a claim to or to remove an incumbrance or cloud upon the title to real and personal property within the Southern district of New York.

Section 57 of the Judicial Code (Comp. St. 1916, § 1039) provides:

"When in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer or demur. * * * In case such absent defendant shall not appear, plead, answer or demur within the time so limited, * * * it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district. * * * *"

The defendant says that in this suit is the charge that the defendants Birdseye and Montgomery fraudulently conspired to and did divert from the defendant Pittsburgh Life & Trust Company two parcels of real property, both situated within this district, to wit, the St. James Building, 1129–1137 Broadway, and the Washington Life Building, 139 Broadway, and thereafter diverted from said Pittsburgh Life & Trust Company, as consideration for a mortgage given upon said property, about $1,900,000, representing the proceeds and securities of said Pittsburgh Life & Trust Company deposited in the vaults of the Standard Safe Deposit Company in the city of New York. Among the forms of relief demanded one is that the $1,900,000 alleged to be diverted be impressed with a trust in favor of the plaintiff, and that the defendants, other than the defendant Phillips, be directed to transfer and deliver over to the plaintiff the same and to deliver in connec-

tion therewith such bills of sale, deeds, releases, and assignments and other instruments as may be necessary or proper in the premises; that the buildings, both within the district, be impressed with a trust in favor of the plaintiff; and that the defendants, other than Phillips and the Washington Life Insurance Company, be directed to transfer and convey the same to the plaintiff and to execute and deliver to plaintiff all deeds, releases, assignments, or other instruments which may be necessary or proper to convey and transfer the same to the plaintiff free and clear of liens thereon or outstanding interest thereon, as far as may be.

Looking solely to the complaint, it is claimed that it appears upon the face thereof that this is a claim to, and to remove an incumbrance or cloud upon the title of both real and personal property within this district, and that therefore the case is within section 57 of the Judicial Code. In support of this position counsel cites Consolidated Interstate Mining Co. v. Calahan Mining Co. (D. C.) 228 Fed. 528. There stockholders brought suit in a state court against a foreign mining corporation whose property was situated within the state and federal district, alleging that the acting directors of the corporation had been improperly elected, and seeking to take the property of the company out of their control through the appointment of a receiver. After removal to the federal court, plaintiff persisted in prosecuting it in the state court, and an ancillary proceeding was brought for an injunction against its further prosecution in the state court. The injunction was granted, the court saying:

"If, therefore, the issues between the plaintiffs and the defendant affects real or personal property within this district, and involves the status thereof in such a manner that, if the defendant could not be found in the district, it could be proceeded against upon constructive service, then the objection to the venue was without merit."

Therefore could the plaintiff obtain complete relief without obtaining actual service upon the defendant Birdseye? Reading the complaint as a whole, what the plaintiff really seeks is to recover $1,900,-000, which recovery might be independent of the property within this district, upon the ground that this money was obtained through fraud and conspiracy upon the Pittsburgh Life & Insurance Company. Could the plaintiff do this without actual service upon the defendant Birdseye, who lives in New Jersey? What constructive service would be sufficient? The plaintiff could not obtain the relief which he seeks without getting actual service upon the defendant Birdseye; so therefore his judgment, if he obtained one, so far as the property is concerned, would be in rem, and not in personam. The complaint alleged, in seeking relief, that Montgomery and his wife have on deposit to their credit $100,000 at the Commercial Trust Company in New York, Birdseye $7,500 in the Lawyers' Title & Trust Company, and $165,500 is alleged to have been withdrawn by Birdseye and to be held by him or unknown persons for his benefit. $180,000 is represented by a certified check to Birdseye's order, which he now holds, and it is urged that as to these sums this court would not have been able to grant relief without obtaining personal jurisdiction of Birdseye, and so, if the suit was brought originally in this court, Birdseye

could not have been compelled to appear and disclose what he had done with this money or compelled, by a personal decree, to account for it. In other words, there can be no relief in rem where property is not within the reach of the court, and if the plaintiff is not afforded the relief sought in the forum where he first sues, he should not be deprived of a part of that relief because section 57 of the Judicial Code permits the removal of the case when the title to real property is involved. Further, the complaint alleged that $120,000 spent went to the Commercial Trust Company, a New York corporation, and the court could order the return of this sum for this defendant in the district, and a personal judgment could be rendered against him; but it is alleged $313,360 of the money went to Pittsburgh to make a payment of $30 per share to the stockholders of the Pittsburgh Life & Trust Company. This stock is not located in the district, and if the action had been commenced originally in this court and constructive service obtained against Birdseye, there could be no decree for the return of that money, nor could that stock be subjected to a trust in plaintiff's favor to the extent of the moneys so applied. The same is true of the $1,100,000 money taken and paid for bonds of the Dare Lumber Company. In other words, the New York real estate is not the only property involved, and while the relief as to that property might be complete, still what the plaintiff set out to recover as alleged in its complaint, when it instituted the action in the state court, he is being deprived of by removal of the action to the federal court in the absence of actual service upon Birdseye.

The court is obliged to look at the complaint as a whole, and there to determine whether the court can grant complete relief in this one action in considering the right of removal under section 57 of the Judicial Code. While the court might have the power to dispose of any question of title in the Washington Life and the St. James Buildings, without the actual presence of Birdseye, it could not grant full and complete relief without rendering a personal judgment or decree against Birdseye. Therefore the action, taken as a whole, is not one which could be determined by this court in the absence of Birdseye, even though he might have been served by publication under section 57, and it follows that the action, therefore, is not one which could have been brought in this district, and cannot be removed to this district against plaintiff's objection. The following authorities support this view: Arkansas v. K. & T. Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144; Joy v. St. Louis, 201 U. S. 332, 26 Sup. Ct. 478, 50 L. Ed. 776; Wabash Ry. Co. v. Westside Belt Ry. Co. (D. C.) 235 Fed. 645.

[3] Plaintiff objects further to the removal of the cause upon the ground that the defendant Birdseye has failed to have other defendants join in this application. This is a valid objection unless it can be said that the cause of action is separable. McNaul v. West Indian Securities Corp. (C. C.) 178 Fed. 308; Miller v. Clifford, 133 Fed. 880, 67 C. C. A. 52, 5 L. R. A. (N. S.) 49; Westside Ry. Co. v. California (D. C.) 202 Fed. 331.

Counsel for the defendant Birdseye says it is a separable controversy. The issue in this action seems to be whether Clarence Birdseye,

Kellogg Birdseye, and George F. Montgomery unlawfully conspired to loot the Pittsburgh Life & Trust Company, and did carry such conspiracy into effect; did obtain from the treasurer of that company the sum of $1,900,000.

The action is in equity, in which it became necessary to bring in other defendants so as to obtain the equitable relief sought. I cannot distinguish this case from Baillie v. Backus (D. C.) 230 Fed. 711, where it is held that one conspirator alone could not remove claiming a separable controversy. I think this objection to the removal is valid.

I shall not consider the fourth objection urged by plaintiff, that there is no real diversity of citizenship in this case, in view of the fact that the defendants Phillips and the Washington Life Insurance Company are, or should in point of fact be, plaintiffs. My disposition of the first point made by the plaintiff disposes of this.

The motion to remand will therefore be granted.